IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CLIP VENTURES LLC,

    Plaintiff,

v.

SUNCAST CORPORATION,

    Defendant.

No. C 10-04849 CRB

**ORDER GRANTING MOTION TO TRANSFER**

    Two motions are pending in this false marking case: (1) a Motion to Transfer the case to the Northern District of Illinois; and (2) a Motion to Dismiss the complaint for failing to state a claim. Having carefully considered the parties' submissions, the Court finds, pursuant to Civil Local Rule 7-1, that oral argument is not necessary, and VACATES the hearing currently set for Friday, March 11, 2011. The Court further GRANTS the Motion to Transfer and VACATES the Motion to Dismiss as moot.

**I.    BACKGROUND**

    Defendant Suncast Corp. makes and sells a variety of lawn and garden products, hose reels and wraps to manage garden hoses. Compl ¶ 11. Its products include the two at issue in this case: the TSA100 Hosehandler, and the 225 foot Hosemobile hose reel cart. Id. ¶¶ 12-13. Suncast has been incorporated in Illinois since 1984. Mot. to Tr. at 3. Its headquarters are in Batavia, Illinois, about 50 miles west of Chicago and within the Northern District of

Illinois. Id. Suncast employs about 3,500 people. Id. Its offices, plant and warehousing facilities are all in Batavia, Illinois. Id. Its products are manufactured, packaged, labeled and shipped from Batavia, Illinois. Id. All decisions about the manufacturing, packaging, marking, sale and promotion of its products originate with Suncast employees located in the Northern District of Illinois. Id. Suncast sells its products in California and throughout the United States. Compl. ¶ 15.

Plaintiff Clip Ventures is a California LLC that was apparently formed in July 2010 for the purpose of pursuing false marking litigation. See Taillon Decl. ¶ 3, Ex. A; see also Clip Ventures LLC v. M.E. Heuck Co., No. 3:2010-cv-03456 (N.D. Cal.); Clip Ventures LLC v. Newell Operating Co., No. 3:2010-cv-03495 (N.D. Cal.); Clip Ventures LLC v. Flex-O-Glass, No. 3:2010-cv-03494 (N.D. Cal); Clip Ventures LLC v. Ronco Acquisition Corp., No. 3:2010-cv-03491 (N.D. Cal.); Clip Ventures v. U-Dig-It, Case No. 10-3227 (N.D. Cal.).

Clip Ventures has brought a qui tam action against Suncast, alleging that Suncast marks the TSA100 Hosehandler, and the 225 foot Hosemobile hose reel cart with numerous patents, some of which are expired. See Compl. ¶¶ 12-13. Clip Ventures alleges that "Suncast knew that the expired patents listed on its TSA Hosehandler hose reel, 225 ft. Hosemobile hose reel cart, and other hose reel products were expired and knowingly falsely marked its hose reel products with an intent to deceive the pubic and an intent to induce the public to believe that each hose reel product was covered by the expired patents listed on each hose reel product." Id. ¶ 16.

Suncast has moved to transfer the case to the Northern District of Illinois, under 28 U.S.C. § 1404(a) (dckt. no. 20), and moved to dismiss the complaint for failing to state a claim under Federal Rule of Civil Procedure 9(b) (dckt. no. 24).

**II.    DISCUSSION**

Pursuant to 28 U.S.C. § 1404(a), Suncast moves to transfer the case to the Northern District of Illinois, where its business is located. District courts have discretion to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness." See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir.

2000) (internal quotations and citations omitted). A motion to transfer should not merely shift the inconvenience from the moving party to the opposing party. See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). To prevail on a motion to transfer, a moving party must establish "(1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice." Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp., 820 F. Supp. 503, 506 (C.D. Cal. 1992). The parties do not dispute the first two factors, and so this Order will focus on the third.

As to the third factor, a court may consider (1) the plaintiff's choice of forum; (2) the parties' convenience; (3) the witnesses' convenience; (4) ease of access to evidence; (5) familiarity of each forum with the applicable law; (6) feasability of consolidation; (7) any local interest; and (8) the relative court congestion in each forum. See Vu v. Ortho-McNeil Pharm., Inc., 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009) (citing Williams v. Bowman, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001)). Here, the factors tip sufficiently in favor of Suncast to warrant transfer.

### A. Private Interest Factors

Though a plaintiff's choice of forum is usually entitled to deference, Decker Coal, 805 F.2d at 843, the weight of authority holds that this principle does not hold nearly as strongly when the plaintiff is a qui tam relator asserting the rights of the federal government. See San Francisco Technology v. The Glad Products Co., 2010 WL 2943537, at *7-8 (N.D. Cal. July 26, 2010); United States v. Regents of the Univ. of Cal., 2002 WL 334915, at *3 (N.D. Cal., Feb. 25, 2002); United States v. Catholic Healthcare West, 2001 WL 1463792, at *2 (N.D. Cal., Nov. 9, 2001); United States v. Covenant Care, Inc., 1999 WL 760610, at *3 (N.D. Cal., Sept. 21, 1999). Clip Ventures argues that recent cases have concluded otherwise, but it relies entirely on out-of-district cases that are distinguishable and/or against the weight of authority. For example, Texas Data Co., LLC v. Target Brands, Inc., Case No. 2:10-269-TJW, 2011 U.S. Dist. LEXIS 2917, at *2-3 (E.D. Tex. 2011), cited in Opp. at 3-4, involved a

mismarked product that was physically manufactured, packaged, and marked at locations within the Eastern District of Texas, the transferor district. Of greater concern to this Court, Clip Ventures also purports to cite the court's holding in <u>Unique Product Solutions</u>, Case No. 5:10 CV 01471, 2010 U.S. Dist. LEXIS 137857 (E.D. Ohio, Sept. 21, 2010) in support of various points, <u>see</u> Opp. at 6-7, but in fact cites to the relator's Memorandum in Opposition to Defendant's Motion to Transfer Venue in that case.[1] Be this a mistake or a misrepresentation, the Court sides instead with the majority of cases, finding that a <u>qui tam</u> relator's choice of forum entitled to less deference than usual, because "much like a plaintiff in a derivative suit or class action, plaintiffs here are also suing in the name of another, the United States." <u>See</u> <u>Covenant Care</u>, 1999 WL 760610 at *3. Accordingly, Clip Ventures's choice of forum is "entitled to little consideration," <u>id.</u>, and this factor weighs only slightly against transfer.

The most significant factors in this case are the convenience of the parties and witnesses. While Clip Ventures is located here, Suncast is located in Illinois. Suncast's products are manufactured, packaged, labeled and shipped from Illinois. Mot. to Tr. at 3. All decisions about the manufacturing, packaging, marking, sale and promotion of its products originate with Suncast employees located in Illinois. <u>Id.</u> And the packaging for the products at issue is made by General Converting, Inc., of Bolingbrook, Illinois, also within the Northern District of Illinois. <u>Id.</u> at 4.[2] This court's subpoena powers would not reach General Converting employees in Illinois. Clip Ventures has not identified a single witnesses that would be called from outside of Illinois.[3] Therefore, one of the two parties and <u>all foreseeable witnesses</u> are located in the Northern District of Illinois. This factor favors transfer.

---

[1] Suncast raised this discrepancy in its Reply, but Clip Ventures has filed nothing with the Court explaining its action.

[2] Clip Ventures's argument that the witnesses are all party witnesses is therefore inaccurate. <u>See</u> Opp. at 8.

[3] Instead, it argues that "any burden regarding deposing witnesses in Illinois will be a burden placed on Clip Ventures – not Suncast." Opp. at 8. But this ignores the burden on the witnesses if they are called upon to travel to California for depositions and/or trial.

4

As for ease of access to evidence, all of the evidence is in Illinois: the false marking appears to have taken place there and the company's documents relating to the products, the patent numbers, and the company's financial condition are all in Illinois. Clip Ventures argues, though, that it is no burden to ship the relevant documents from Illinois to California. Opp. at 7-8. Perhaps this is true: as a large company, it is possible that Suncast's documents are electric, easily searched, and easily transported. Indeed, "[g]iven technological advances in document storage and retrieval, transporting documents between districts does not generally create a burden." Brackett v. Hilton Hotels Corp., 619 F.Supp. 2d 810, 820 (N.D. Cal. 2008) (internal citation omitted). Nonetheless, "[l]itigation should proceed where the case finds its center of gravity." See Hoefer v. U.S. Dep't of Commerce, 00-0918, 2000 WL 890862, at *3 (N.D. Cal. June 28, 2000). The center of gravity of the case is Illinois. Accordingly this factor is either neutral or slightly favors transfer.

### B. Public Interest Factors

Plaintiff argues that "[b]ecause Suncast is selling its falsely marked products here in the Northern District of California, this forum has a significant interest in making sure the patent laws are enforced," Opp. at 8, but this argument is unpersuasive. According to the Complaint, Suncast is selling its products everywhere, Compl. ¶ 15; this district is no more interested than any other. This factor is therefore neutral.

Plaintiff also argues that California has an interest in the controversy, because "Clip Ventures has filed several false marking cases in this district" and so "judicial economy will be best served if this District decided all such actions." Opp. at 9 (purportedly citing Unique Product Solutions, in fact citing memorandum in that case). This is a fairly unappealing prospect, and one that is at odds with the standards in place both for transferring and for relating cases. Moreover, any federal court can manage a false marking case: "[q]uestions of federal law may be applied by any federal court, and this Court is not necessarily better able to apply the false marking statute than federal courts in other districts." San Francisco Technology, 2010 WL 2943537, at *6. This factor is also neutral.

In addition, Defendant seems to have little contact with the state of California. It is not registered to do business in California, owns no property here, and maintains no bank accounts here; it seems to have no more contact with California than with any of the other states in which its products are sold. See Mot to Tr. at 4; Compl. ¶ 15 (products sold "throughout the United States"). While Plaintiff is located in California, it was only recently formed, and seems to conduct no business aside from filing qui tam complaints. Whatever harm exists from Suncast's false marking is shared by the entire country, due to the nationwide distribution of Suncast's gardening products. However, Illinois arguably has a greater interest than California in that it has an interest in making sure that one of its companies, employing 3,500 of its citizens, complies with the law. This factor is therefore at least neutral or slightly favors transfer.

The parties make no arguments about court congestion.

Though the public factors are relatively neutral, the private factors favor a transfer to Illinois.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion to Transfer. It therefore need not reach the Motion to Dismiss, and VACATES that Motion. Defendant may bring it again before the court in Illinois.

**IT IS SO ORDERED.**

Dated: March 7, 2011

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE